UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

THOMAS HAROLD SPATCHEK,

        Plaintiff,

  v.

                                        Case No. 23-cv-428-pp

KILOLO KIJAKAZI,

        Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 3)**

      The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying his claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. He also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

      To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

      Based on the facts in the plaintiff's affidavit, the court concludes that he does not have the ability to pay the filing fee. The plaintiff states that he is not employed and he is not married. Dkt. No. 3 at 1. The plaintiff indicates that he has a 12-year-old son he is responsible for supporting; the plaintiff listed $0.00 as the amount of support he provides each month. <u>Id.</u> The plaintiff lists no wages/salary or other income and says that his monthly expenses are $35 for

1

"electrical." Id. at 2-3. The plaintiff owns a 2006 Pontiac Grand Prix worth approximately $1,000, he does not own his home or any other property of value, and he has approximately $400 in cash on hand or in a checking or savings account. Id. at 3-4. The plaintiff states, "I live with my girlfriend and she pays the bills. The money I have in my account is from my dad giving me money a while back and is being used to pay the electric bill." Id. at 4. The plaintiff has demonstrated that he cannot pay the $350 filing fee and $52 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint indicates that he was denied social security disability benefits for lack of disability, that he is disabled and that the conclusions and findings of fact by the Commissioner when denying benefits are not supported by substantial evidence and are contrary to law and regulation. Dkt. No. 1 at 1-2. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be

2

a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

Dated in Milwaukee, Wisconsin this 4th day of April, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**
